# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

ROGER MURPHY JR.       §
                         §
V.                             §            CASE NO. 4:11cv380
                         §
COMMISSIONER OF SOCIAL    §
SECURITY ADMINISTRATION    §

## MEMORANDUM ORDER AND OPINION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on November 30, 2007, claiming entitlement to disability benefits due to chronic low back pain, degenerative disc disease of the lumbar, thoracic and cervical spine, myofascial strain, hernia, knee pain, migraines, and hypertension. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on May 20, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Christy Wilson, testified.

On December 8, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on May 27, 2011. Therefore, the December 8, 2009 decision of the ALJ became the final decision of the Commissioner

for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2.  The claimant has not engaged in substantial gainful activity since the August 30, 2007, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following sever impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; and hypertension (20 C.F.R. § 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry 50 pounds occasionally and 25 pounds frequently; to stand and/or walk for six hours total during an eight-hour workday; to sit for six hours total during an eight-hour workday; and to climb, balance, stoop, kneel, crouch, and crawl occasionally. In other words, I find that the claimant can perform a wide range of "medium" work as defined in 20 C.F.R. 404.1567(c) and 416.967(c). If a person can do medium work, he can also perform "light" or "sedentary" work. (20 C.F.R. §§ 404.1567 and 416.967). Section 203.00 of the Medical-Vocational Guidelines, Appendix 2 of Subpart P, Regulations No. 4, explains that approximately 2,500 separate sedentary, light, and medium occupations can be identified, each occupation representing numerous jobs in the national economy which do not require skills or previous experience and which can be performed after a short demonstration or within 30 days. The functional capacity to perform medium work represents such a substantial work capability at even the unskilled level that a finding of disabled is ordinarily not warranted in cases where a severely impaired individual retains the functional capacity to perform medium work. (Section 203.00 of the Medical-Vocational Guidelines, Appendix 2 of Subpart P, Regulations No. 4).

6.    The claimant is capable of performing past relevant work as a front end loader operator, and oil changer.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).

7.    The claimant has not been under a disability, as defined in the Social Security Act, from August 20, 2007 through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(T.R. 29-35).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.* at 401.  The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence."  *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable

impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the Fourth step.

## ANALYSIS

Plaintiff's first point of error is that new and material evidence submitted by Dr. Strom effectively dilutes the ALJ's analysis and requires remand. On January 18, 2010, after the ALJ's decision, Plaintiff's counsel submitted a questionnaire to Dr. Strom asking what Plaintiff could do in an eight-hour day. Plaintiff contends that, since the Appeals Council did not comment on this new evidence, it effectively eviscerates what the ALJ found, since Dr. Strom's opinion would limit Plaintiff's RFC far more severely than that found by the ALJ. For an example, Dr. Strom opines that Plaintiff can sit and stand/walk only two hours in an eight-hour day. The ALJ found that he could do so for six hours. The state agency examiners also found that he could stand or sit about six hours a day.

The Court finds that the failure of the Appeals Council to discuss the RFC of Dr. Strom was not error, and even if so, it was harmless error in that substantial evidence supports the ALJ's decision. The records submitted by counsel after the decision do not support the doctor's assessment.

On April 20, 2010, Plaintiff is seen for chest pain. Again, on May 4, 2010, he is seen for chest pain. On September 9, 2010, he is seen for evaluation of his blood pressure. Notes of November 23, 2010 indicate that he has mild degenerative joint disease on MRI. Although he fell, he is ambulatory and does not appear to be limping. On physical examination, he is noted to have

no additional complaints. On February 10, 2011 (a year after the Strom's RFC), Strom recommends that he engage in aerobic activity, such as walking, swimming (which would require one to reach – unless one would merely float), stationary bicycling and light jogging. None of these recommendations, which post-date his RFC assessment, would appear to be consistent with what the doctor filled out in the questionnaire provided.

Pursuant to 42 U.S.C. § 405(g), remand will be warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence that was not in existence at the time of the administrative ... proceedings meets the 'new' requirement for remand to the Secretary." *Hunter v. Astrue,* 283 Fed. Appx. 261, 262 (5th Cir. 2008). "For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the Secretary's determination." *Id.* (internal quotation and citation omitted). "Implicit in the materiality requirement is that the new evidence relates to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id.* (internal quotation and citation omitted). Given the totality of the records produced, Plaintiff has not shown that there is a reasonable probability that the outcome would have changed. The first point is overruled.

Plaintiff's second point of error is that the Commissioner's RFC is not supported by substantial evidence. This argument also incorporates Plaintiff's first point of error that, with Strom's RFC, the ALJ's analysis is wrong and not supported. Plaintiff argues that Dr. Strom in one his records noted that Plaintiff was disabled. Of course, counsel is aware that the ALJ is not required to rely on a doctor's statement that his patient is disabled. *See Martinez v. Chater*, 64 F.3d 172,176 (5th Cir. 1995). A determination of a RFC is reserved for the ALJ. 20 C.F.R. §§ 404.1513 &

416.913. The ALJ is responsible for assessing a claimant's RFC based on all of the relevant evidence in the record. *Perez v. Barnhart,* 415 F.3d 457, 462 (5th Cir. 2005); 20 C.F.R. § 404.1546(c). If substantial evidence in the record supports an ALJ's determination of a claimant's RFC, there is no reversible error. *Gutierrez v. Barnhart*, 2005 WL 1994289, at *7 (5th Cir. 2005).

Here, there was a medical source statement. The records submitted by Plaintiff's counsel in support of her position that the RFC was wrong simply do not support her position. First, the x-ray reports noted only mild degenerative changes for the thoracic and lumbar spines. Dr. Strom's notes indicate the results of a MRI which indicate mild degenerative changes. The notes of February 10, 2011 indicate that Plaintiff is ambulating without difficulty. Although Dr. Strom apparently notes that his disability occurred prior to October 2008, his notes of a few months earlier indicate that he occasionally walks and engages in other light activity and is employed full-time working for the railroad. The MRI notes that there is no evidence of nerve root impingement and no visible herniated nucleus pulposus, or, in lay terms, no ruptured disc. In fact, the discs are normally hydrated. The Court finds that remanding this case on the basis of Dr. Strom's RFC in light of his own treatment notes is absolutely unwarranted, and any such remand would only undercut the administrative process. There was and still is substantial evidence to support the ALJ's decision in all respects.

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge be **AFFIRMED**.

**SO ORDERED**.
 **SIGNED this 8th day of March, 2013.**

_Don D. Bush_
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE